# Spenny v. Mobile & Ohio Railroad Co.

## Passenger Action.

(Decided February 11, 1915. Rehearing denied May 13, 1915. 68 South. 870.)

1. *Railroads; Passengers; Accommodation; Segregation of Races.*— Construing sections 5487, 5488 and 7684, Code 1907, it is held that the latter statute does not apply where a white sheriff attempts to travel with a negro prisoner, as under such circumstances, they cannot be assigned to separate coaches.

2. *Same.*—The provisions of sections 5487-8, Code 1907, are to be construed so as to effectuate the reasonable intent of the legislature.

3. *Same.*—As the provisions of sections 5487-8, Code 1907, do not apply to a white sheriff travelling with a negro prisoner, the conductor may, in his discretion, assign them to any coach or compartment of the train.

4. *Constitutional Laws; Equal Protection; Separate Coaches.*— Sections 5487-88, Code 1907, are not rendered unconstitutional under the equal protection clause of the Federal Constitution by a construction thereof exempting from their operation a white sheriff travelling with a negro prisoner.

(McClellan, Somerville and Gardner, JJ., dissent.)

CERTIORARI to Court of Appeals.

Petition by V. A. Spenny for certiorari to review and revise the judgment and decision of the Court of Appeals, reversing and remanding the cause of *Mobile*

*& Ohio R. R. Co. v. Spenny,* 12 Ala. App. 375, 67 South. 740. Writ denied:

HILL, HILL, WHITING & STERN, for appellant.

STEINER, CRUM & WEIL, contra.

ANDERSON, C. J.—Sections 5487 and 5488 of the Code of 1907 provide for separate accommodations upon trains for white and negro passengers and section 7684 makes it a misdemeanor for a person to go into or ride upon a coach to which he does not belong. It is evident that the Legislature intended to deal with passengers in the ordinary acceptation of the term and in the usual and ordinary course of travel, and did not have in mind conditions such as presented in the case at bar; that is, a case where a white sheriff attempts to travel with a negro prisoner, and who could not travel in or be assigned to separate coaches or compartments. Especially is this true when these sections are considered in connection with chapter 212 of the Code, which exacts of officers the highest degree of care in the transportation of convicts and prisoners; and it would be unreasonable to hold that the sheriff would violate the law by staying with his prisoner in a coach to which the one or the other did not belong, when the purpose and effect of the other statute is to require him to be with his prisoner.

(1-3) We therefore hold that the statute does not include or apply to exceptional cases like the one at bar; that is, to two or more passengers who are so situated that they cannot be reasonably separated, although they may belong to a different race. This statute like all others, should be so construed as to effectuate a reasonable intent and purpose, and not so as to create uncer-

[Spenny v. Mobile & Ohio Railroad Co.]

tainty and confusion, or to make it apply to exceptional cases which never entered the mind of the Legislature when it was adopted. As the statute in question did not include or apply to this plaintiff and his negro prisoner, it was within the discretion of the defendant's conductor as to the coach or compartment to which he should assign them, and the plaintiff has no cause of action for being ejected for a refusal to comply with the conductor's instructions; there being no charge of excessive force.

(4) The foregoing views are supported in point by the case of *Gulf Railroad v. Sharman* (Tex. Civ. App.) 158 S. W. 1045, and we do not think that either it or the present holding gives the statute such a construction as to render it repugnant to the equal protection clause of the federal Constitution, as it works no discrimination; the holding being that the statute does not apply to such a case, and that the officer in control of the train may exercise a discretion in the matter. Nor are we impressed with the idea that this construction leaves it to the conductor to execute or to suspend the operation of the statute; for, if the statute does not apply, he has the right to deal with such conditions as presented in the case at bar as if the statute had never been enacted.

The application is denied.

ANDERSON, C. J., and MAYFIELD, SAYRE, and THOMAS, JJ., concur. MCCLELLAN, SOMERVILLE, and GARDNER, JJ., dissent.