# Central of Georgia Ry. Co. *v.* State, *ex rel.* Attorney General.

## Mandamus.

(Decided July 6, 1916.　72 South. 555.)

1. **Intoxicating Liquors; Anti-Shipping Law; State Shipping.**—The anti-shipping law, Acts 1915, p. 39, has no application to shipments of seized liquors, under legal process, and the transportation of same in response to the process of the court; that is, intrastate shipments.

2. **Same.**—Under such law, it is incumbent upon officials having possession of such liquors to show his authority under legal process, as by presenting a written order from the proper court, and not by a mere statement, or his writing on the package, in order to put a carrier in default for not receiving it for shipment.

[Central of Georgia Ry. Co. v. State, ex rel. Attorney General.]

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Petition by the State, on the relation of the Attorney General, for mandamus to compel the Central of Georgia Railway Company to transport certain liquors within the state. From a decree granting the writ, respondent appeals. Reversed and rendered.

The petition alleges that the respondent is a common carrier of freight between the points of Girard and Pittsview, Ala., in connection with the Seaboard Air Line Railway Company, and that under and by virtue of a search warrant issued by one Burt, a justice of the peace, certain whisky was seized in Girard, Ala., and that Burt tendered the same to the Central of Georgia Railway for shipment via its line and that of the Seaboard Air Line Railway Company from Girard, the place in Alabama where such liquors were seized by officers executing the warrant of Burt for search and seizure, to Pittsview, Ala., the place of the court of Burt, and that although he tendered the requisite amount of the freight charges, the railroad declined and refused to transport said liquors, justifying its action under the anti-shipping liquor laws enacted by the Legislature in 1915.

BARNES & BREWER, for appellant. W. L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for the State.

PER CURIAM.— (1) We are of the opinion that the Legislature, in the enactment of the anti-shipping law in connection with the prohibition law (Acts 1915), never had in mind shipments by the state or through its sovereign power incidental to the enforcement of the prohibition laws. These laws were enacted to promote temperance, and the Legislature attempted to arm the state with the powers of administering the prohibition laws rather than to hinder a due administration of same. Therefore this anti-shipping law has no application to the shipment of seized liquors under legal process, goods that are in gremio legis, and the transportation of same in response to the process of the court; that is as to all intrastate shipments.—*Spenny v. M. & O. R. R. Co.*, 192 Ala. 483, 68 South. 870.

(2) It was incumbent, however, upon the consignor in the case at bar, to show, apart from the statement he made or what he

[Central of Georgia Ry. Co. v. State, ex rel. Attorney General.]

wrote on the package when delivering the liquor to respondent's agent, that he was acting for and in behalf of the state and under the authority of legal process, and which was not sufficiently shown to put this respondent in default for not receiving the liquors for shipment, and the action of the trial court in awarding the mandamus must be reversed, and a judgment is here rendered denying same.

Just what showing the official delivering the shipment must make to compel the carrier to receive same we need not determine. It is sufficient to say that the presentation to the carrier of a written order or direction for the transportation of same from the court issuing the process under which it is seized, or the court to which an appeal may be taken, should suffice, especially from one point to another in the same county.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SOMERVILLE, GARDNER and THOMAS, JJ., concur; MAYFIELD, J., limiting his concurrence to the conclusion only. SAYRE, J., not sitting.

MAYFIELD, J.— (concurring).—I agree that mandamus will not lie in the case made by this record; but I do not concur in that part of the opinion which intimates that it would lie, if certain matters were shown. If the liquors sought to be shipped are contraband, and the carriage of them by a common carrier, as such, is by law prohibited, then for a court to compel their carriage by a common carrier would be to compel the carrier to violate the law. I agree that the carriage, movement, and possession of the prohibited liquors, by the officers and agencies of the law, in the execution of the law, is not within the prohibitions of the statutes as to the carriage or possession of the prohibited liquors or contraband goods; and, consequently, if a common carrier chooses to aid the officers of the law in transporting and handling such liquors, for the purpose and to the end of enforcing the law, that the common carrier so acting as an agency of the law would not be liable as for a violation of the same law as to carrying or possessing such prohibited liquors. Its possession and transportation, in such case, would be by the carrier, acting in the capacity of an agency of the law itself, and not in its normal capacity of common carrier. Any person or common carrier

may aid a constable, sheriff, or other officer of the law in seizing, possessing, storing, or keeping the prohibited liquors, in the due execution of the prohibition laws; but mandamus will not lie to compel them to so aid. If it can be said that the person or corporation breaches any duty in declining to so aid the officer in discharging his duty in executing the process of the law, mandamus will not lie to compel the performance of this duty. Such is not the office or function of mandamus. How is a common carrier to know, when it accepts such prohibited liquors for shipment, that it is aiding the enforcement of the law, and not, in a violation of both the letter and the spirit of the law? Must it act on the declarations or the documentary evidence offered by the shipper, without questioning the sufficiency or conclusiveness of the proof offered, to show that in conveying the prohibited liquors it would be aiding in executing the process? If the common carrier can question the proof as to the object and purpose of the shipment, can such disputes between it and the shipper be determined by mandamus? I think not. There may be cases in which mandamus would lie, to compel a common carrier to receive and convey such prohibited liquors; but I cannot conceive one in the absence of a statute to that end. If the carrier, in conveying the prohibited liquors, is not aiding in the enforcement of the law, it is certainly aiding in the violation of the law, and is expressly subjected to severe penalties, even to the forfeiture of its life if a domestic corporation. No court can, in advance, say when, in all cases, the act of the carrier in the premises would be aiding in the enforcement of the prohibition law, and when, in its violation. For a court to attempt to say in advance whether the carrier would be liable or not liable to the penalties of the law for carrying the prohibited liquors would be for the court to do what the Legislature alone might do, but which, thus far, it has not done.

The mere fact that an officer of the law has a writ for the seizure of certain liquors, and that the writ directs him to bring them to the court is not sufficient to justify any one but the officer to whom it is directed, or such officer's agents, to take the action. It is no mandate to, or authority for, strangers to the process to possess, receive, or carry. If third parties, including common carriers, decline to act as the agents of the officers executing the writ, and therefore coming within its protection, mandamus will not lie, to compel them so to act as his agents.