# Wray *v.* The State.

### Violating Prohibition Law.

(Decided August 1, 1916.　72 South. 556.)

Intoxicating Liquors; Statutes; Taking Effect.—The operation of the provision of § 12, Acts 1915, p. 54, are not postponed, as to one possessing, transporting, or shipping such liquors, until Sept. 23, 1915, by the provisions of §§ 5 and 6, Acts 1915, p. 632, authorizing the shipment of liquor under the supervision of the sheriff, or other law officer of the state.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Richard Wray was convicted of violating the prohibition law, and he appeals. Affirmed.

The first count charges the manufacturing, selling, offering for sale, keeping for sale, of prohibited liquors or beverages subsequent to June 30, 1915. The second count charges that he did receive or accept for delivery or possess, or have in possession, at one time more than one-half gallon of spirituous liquors, or more than 2 gallons of vinous liquors, or more than 5 gallons of malted liquors in kegs, or more than 60 pints in bottles, or more than 1 gallon of intoxicating or fermenting liquors beyond those thus enumerated in this count of the affidavit. The third count charges the maintaining of an unlawful drinking place. The fourth count charges that he did keep or store on the premises where a business of selling beverages was being conducted, prohibited liquors or beverages. The fifth count charges that he did receive for storage, or on consignment for another, or distribution, prohibited liquors and beverages, or maintained a

warehouse or other place for receiving, storing, or distributing liquors for another. The sixth count charges the accepting for shipment or transportation, etc. The seventh charges that he did willfully let or suffer another person, firm, or corporation to use premises which he owned or controlled for the unlawful storage of spirituous, vinous, or malt liquors. The demurrers sought to invoke the defense as to the second and sixth charges that it was not an offense against the laws of the state of Alabama as therein charged, unless it affirmatively appeared that it happened prior to the 23d day of September, 1915.

JOHN W. ALTMAN, for appellant. W. L. MARTIN, Attorney General, and HUGO BLACK, Solicitor, for the State.

BROWN, J.—The act approved February 8, 1915, makes it unlawful for any person, firm, or corporation to receive or accept for delivery of, or to possess more than a specified quantity of, intoxicating liquors at any one time, or within a specified period. —Acts 1915, p. 44; *Southern Express Co. v. Whittle,* 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278. The demurrers taking the point that such acts were not prohibited by law after the 30th of June, 1915, and up until the 23d day of September, 1915, were not well taken, and the rulings of the trial court thereon were correct. The act approved September 17, 1915, authorizing the shipments of liquor under the supervision of the sheriff or other law officer of the state, afforded the defendant no protection for possessing, transporting, or shipping such liquors. By the act, the state, in the exercise of its sovereign authority, directed such shipments under the direct supervision of its officers to prevent evasion of the law of the state.—Acts 1915, p. 632, 633, § 6; *Central of Ga. Ry. Co. v. State, ex rel. Attorney General,* 197 Ala. 389, 72 South. 555.

The rulings of the trial court were in accord with these views, and the judgment must be affirmed.

Affirmed.